IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| VAL-COM ACQUISITIONS TRUST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:10-CV-461-A |
| | § | |
| CITIMORTGAGE, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court for decision is the motion for summary judgment filed by defendant, Citimortgage, Inc. Having now considered the motion, the response of plaintiff, Val-Com Acquisitions Trust, the entire record in this case, and applicable legal authorities, the court concludes that the motion should be granted.

I.

Background and the Summary Judgment Motion

This is one of several similar removed actions initiated by plaintiff in the district courts of Tarrant and other counties. The original petition, filed May 27, 2010, named Val-Com Acquisitions Trust and Marcelino Gonzalez Quilo ("Quilo") as plaintiffs. Quilo was dismissed from the case on August 13,

2010, as a sanction for his failure to appear at a court-ordered settlement conference.

The limited factual allegations, taken from the petition and documents submitted in support of the summary judgment motion, are undisputed. Quilo obtained a loan from Penle Investments Corporation ("Penle") for the purchase of a personal residence in Fort Worth, Texas.[1] In connection with the loan transaction, Quilo was the maker of a note in the amount of $35,910.00, payable to Penle. As security for payment of the note, Quilo executed a deed of trust naming Penle as beneficiary. Quilo executed the note and deed of trust on October 6, 1999.

Plaintiff acquired the subject property from Quilo by general warranty deed dated December 28, 2009, subject to the note and deed of trust.[2] Defendant is the current mortgagee and servicer of the note and the beneficiary under the deed of trust.

The petition alleges that the loan proceeds obtained by Quilo from defendant's predecessor were for the purchase of a personal residence, thus bringing the loan transaction within the

---

[1] According to evidence submitted by defendant in support of the motion for summary judgment, the original lender, Penle Investments Corporation, transferred and assigned the loan to FSB Mortgage Company on October 8, 1999. FSB Mortgage Company assigned the loan to Associates Financial Services Company of Delaware, Inc., which later merged with Associates Financial Services Company, Inc., and ultimately merged with defendant.

[2] These allegations, stated in the response brief, are unsupported by affidavit or other evidence. However, defendant does not appear to dispute the allegations, and the court accepts them as true for purposes of the summary judgment motion.

2

purview of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and its implementing regulations, Regulation Z, 12 C.F.R. Part 226 et seq., and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"). Plaintiff contends that "on information and belief, and based on the performance of a preliminary audit of the loan documents and closing documents," defendant's predecessor violated TILA, Regulation Z, and RESPA, by failing to provide Quilo with disclosures and failing to comply with other procedures required by those statutes or regulations. Notice of Removal, Ex. B, Pl.'s Orig. Pet. at 4.

Plaintiff seeks to recover damages from defendant for the alleged violations of TILA, including Regulation Z, and RESPA, for fraud in a real estate transaction pursuant to section 27.01 of the Texas Business and Commerce Code, and also seeks declaratory and injunctive relief.

Defendant moved for summary judgment on the grounds that: all of plaintiff's claims are barred by limitations; plaintiff lacks standing to assert claims against defendant; rescission is unavailable on the loan; section 27.01 of the Texas Business & Commerce Code is inapplicable to a loan transaction; and plaintiff is not entitled to declaratory or injunctive relief.

II.

## Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. <u>Anderson</u>, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-25 (1986).

Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. <u>Anderson</u>, 477

4

U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record, and [] articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

III.

Analysis

A. Limitations Bars Plaintiff's Claims Under TILA, RESPA, and for Fraud in a Real Estate Transaction[3]

Defendant contends that plaintiff's claims pursuant to TILA, RESPA, and for fraud in a real estate transaction are barred by limitations. Plaintiff's response failed to address these arguments.

A claim for violation of TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Plaintiff claims defendant's predecessor violated unnamed provisions of TILA by failing to provide

---

[3]Plaintiff did not allege a separate cause of action for violation of Regulation Z.

unspecified disclosures and failing to comply with unidentified procedures.

Under TILA, disclosures are required to be made by the lender at the time the loan transaction is consummated between the consumer and the lender. Id. at § 1639(b); Moor v. Travelers Ins. Co., 784 F.2d 632, 633 (5th Cir. 1986). "Nondisclosure is not a continuing violation for purposes of the statute of limitations." Moor, 784 F.2d at 633 (citations and quotation marks omitted). Quilo completed the loan transaction at issue on October 6, 1999. Any claim alleging a violation of TILA was required to be brought within one year, by October 6, 2000. Plaintiff's TILA claim, brought May 27, 2010, is barred by limitations.[4]

Plaintiff's RESPA claims face a similar fate. Claims arising under RESPA must be brought

> "within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation, . . . ."

12 U.S.C. § 2614. The Fifth Circuit has interpreted the phrase "the date of the occurrence of the violation" as the date of

---

[4] While the petition does not appear to seek rescission under TILA, any such claim would also be barred by the three-year limitations period in 15 U.S.C. § 1635(f).

closing. Snow v. First Am. Title Ins. Co., 332 F.3d 356, 361 (5th Cir. 2003). Although the petition here fails to allege which section of RESPA has allegedly been violated, plaintiff's claims, brought more than ten years after the date of closing, are barred under either the one-year or three-year limitations period.

Even if not barred by limitations, the court concludes that plaintiff has failed to allege anything as would support a claim under any provision of RESPA. The petition fails to allege the statutory provision or provisions allegedly violated by defendant, fails to allege any facts sufficient to state a RESPA violation, and instead pleads only legal conclusions. Nothing in the record before the court establishes any genuine issue of material fact as to plaintiff's RESPA claims.

As to plaintiff's claim for fraud in a real estate transaction pursuant to section 27.01 of the Texas Business and Commerce Code, such a claim is governed by a four-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.004(a)(4) (West 2002); Ford v. Exxon Mobil Chem. Co., 235 S.W.3d 615, 617 (Tex. 2007) (applying four-year limitations period to claims under Tex. Bus. & Com. Code § 27.01). Such a claim accrues "when the fraud should have been discovered by reasonable diligence." Id. The

petition alleges that defendant's predecessor made false representations "[i]n connection with [] Quilo's execution and delivery of the Note and Deed of Trust pursuant to the loan application," and that such misrepresentations were "manifest in the loan documents and closing documents." Notice of Removal, Ex. B, Pl.'s Orig. Pet. at 7-8.

Limitations on plaintiff's claim for fraud in a real estate transaction thus began to run on October 6, 1999, because Quilo should have discovered such facially apparent misrepresentations at the time of the transaction involving the documents. The instant action, filed almost eleven years later, is barred by limitations.

B.  Claims for Declaratory and Injunctive Relief Fail

The petition seeks relief under the Texas Uniform Declaratory Judgments Act, section 37.002 of the Texas Civil Practice & Remedies Code. The Texas act is a procedural, rather than substantive, provision, and would generally not apply to a removed action such as this one. See Utica Lloyd's of Tex. v. Mitchell, 138 F.3d 208, 210 (5th Cir. 1998). Application of either the Texas or federal act leads to the conclusion that plaintiff is not entitled to declaratory relief.

Both the Texas and federal declaratory judgment acts are procedural devices that create no substantive rights. <u>Aetna Life Ins. Co. v. Haworth</u>, 300 U.S. 227, 239-41 (1937); <u>Texas Ass'n of Bus. v. Tex. Air Control Bd.</u>, 852 S.W.2d 440, 444 (Tex. 1993). Both the Texas and federal acts require the existence of a justiciable controversy. <u>Aetna</u>, 300 U.S. at 239-41; <u>Bonham State Bank v. Beadle</u>, 907 S.W.2d 465, 467 (Tex. 1995). However, plaintiff has alleged no facts that would lead to the conclusion that a present controversy exists between it and defendant.

Likewise, to prevail on its request for injunctive relief, plaintiff is required to plead and prove, <u>inter alia</u>, "a substantial likelihood of success on the merits." <u>DSC Commc'ns Corp. v. DGI Techs., Inc.</u>, 81 F.3d 597, 600 (5th Cir. 1996). Plaintiff's failure to do so warrants summary judgment.

\* \* \* \* \*

Although the court need not reach the other arguments for summary judgment asserted in the motion, a preliminary review indicates that defendant would be entitled to summary judgment on those grounds as well.

9

## IV.

## Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and that all claims and causes of action asserted by plaintiff, Val-Com Acquisitions Trust, against defendant, Citimortgage, Inc., be, and are hereby, dismissed with prejudice.

SIGNED October 14, 2010.

_____
JOHN McBRYDE
United States District Judge